**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **NERIO ALBERTO ORTEGA DELGADO**<br>**REG. # 84707-511** | **DOCKET NO. 2:26-cv-01781**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN FCI OAKDALE II** | **MAGISTRATE JUDGE LEBLANC** |

# REPORT AND RECOMMENDATION

Before the court is the amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Nerio Alberto Ortega Delgado ("Petitioner"). Doc. 4. Petitioner is an inmate in the custody of the Bureau of Prisons ("BOP") currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

Through the instant petition, Delgado challenges BOP's alleged failure to correctly calculate and apply his earned and projected First Step Act Time Credits. Doc. 4, p. 11. It appears Petitioner took the first two steps in appealing the decision but admittedly did not proceed to the third appeal. *Id*. at pp. 2-3.

## II. LAW & ANALYSIS

### *A. Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the

United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, Advisory Committee Note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

***B. Exhaustion***

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *Gallegos-Hernandez v. United State*s, 688 F.3d 190, 194 (5th Cir. 2012) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

BOP has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. *See* 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form (BP-9). 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days after the warden's response (BP-10). 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Central Office (BP-11). *Id.* There are time limits for BOP officials to respond at each level of the administrative remedy process.

Petitioner concedes he did not exhaust his administrative remedies through BOP, arguing that doing so would be futile as he is currently being held in custody beyond his true release date. Doc. 4, p. 15, ¶ 12. Exceptions to the exhaustion requirement apply only in extraordinary circumstances, such as when the petitioner proves that exhaustion would be futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*). The fact that it takes time to exhaust administrative remedies is not an extraordinary circumstance and does not excuse a prisoner from initiating and completing the process. *Lockhart v. Edge*, 2026 U.S. Dist. LEXIS 50930, *3 (W.D. Tex. March 11, 2026). Indeed, the United States Supreme Court has held that an inmate who may be entitled to immediate release must first exhaust his administrative remedies before proceeding in court. *Preiser v. Rodriguez*, 411 U.S. 475, 494-95, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). And the Supreme Court has also noted that while exhaustion may take time, "there is no reason to assume that ... prison administrators ... will not act expeditiously." *Id.* Petitioner fails to carry his burden of proving the futility of administrative review simply based on his claim that the administrative review process may take time.

Consequently, the Court finds Petitioner has failed to exhaust. *Fuller*, 11 F.3d at 62 (explaining that federal prisoners must exhaust "administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241"). Dismissal on this basis alone is warranted. *See Rivkin v. Tamez*, 351 F. App'x 876, 877-78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies).

## III. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 20th day of July, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE